Louise W. GEISENBERGER, Plaintiff,

v.

JOHN HANCOCK DISTRIBUTORS, INC.,
John Hancock Mutual Life Insurance
Company, and Maurice Jones, Defendants.

Civ. A. No. W90–0048(B).

United States District Court,
S.D. Mississippi,
Jackson Division.

Oct. 4, 1991.

J. Brad Pigott, Maxey Pigott Wann & Begley, Jackson, Miss., for plaintiff.

John E. Hughes, III (lead), Wells Wells Marble & Hurst, Roy Liddell and Walter D. Willson, Jackson, Miss., for John Hancock Distributors.

John L. Low, IV, Watkins & Eager, Jackson, Miss., for Maurice Jones.

## MEMORANDUM OPINION AND ORDER

BARBOUR, Chief Judge.

This cause is before the Court on Defendants' Motions for Summary Judgment, or, in the alternative, for Partial Summary Judgment. The Court, having considered the Motions together with responses, memoranda and other supporting documents, denies the Summary Judgment Motions of Defendant John Hancock Distributors, Inc. ("Distributors") and Defendant Maurice Jones as to Plaintiff's allegations of violations of the Mississippi Securities Act, and allegations of common law fraud, breach of fiduciary duties, negligence and punitive damages. The Court grants partial Summary Judgment for Defendants Distributors and Jones as to Plaintiff's claim under Rule 10b–5 of the Securities Act of 1934 and Plaintiff's claim for breach of contract. The Court denies the Summary Judgment Motions of Defendant John Hancock Mutual Life Insurance Company ("Mutual") as to Plaintiff's allegations of breach of fiduciary duties, negligence and request for punitive damages.

### I. Facts and Procedural History

This action arises out of a purchase by Plaintiff, Mrs. Louise Geisenberger, of a $100,000 interest in the John Hancock High Income Trust Fund ("High Income Trust"), which was marketed and sold through Defendant Distributors, a stockbroker subsidiary of Defendant Mutual.

In the fall of 1986, Plaintiff was contacted by two agents of Defendant Mutual to service a life insurance policy. Plaintiff told the agents that she was concerned that her existing life insurance policy would be insufficient to cover the estate taxes that would become due upon her death. Subsequently, the Estate Tax Planning Department of Mutual prepared an "Estate Profile" based on information given to Defendant Jones, who was the General Agent of Mutual in Mississippi and a registered securities representative of Distributors. Plaintiff thereafter invested in the High Income Trust.

As to Defendants Distributors and Jones, the Plaintiff alleges: (1) violations of Rule 10b–5 of the Securities and Exchange Act of 1934; (2) violations of Miss.Code Ann. § 75–71–501, 75–71–503, 75–71–717 and 75–71–719; (3) common law fraud; (4) breach of contract; (5) breach of fiduciary duty; and (6) negligence. Additionally, Plaintiff asks for punitive damages.

As to Defendant Mutual, Plaintiff alleges: (1) breach of fiduciary duty, and (2) negligence. Plaintiff also requests punitive damages.

### II. Analysis

Rule 56 of the Federal Rules of Civil Procedure states in relevant part that summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material

fact and that the moving party is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56(c). The United States Supreme Court has held that his language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

▐ Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. The district court, therefore, must not "resolve factual disputes by weighing conflicting evidence.... since it is the province of the jury to assess the probative value of the evidence." *Kennett–Murray Corp. v. Bone,* 622 F.2d 887, 892 (5th Cir.1980). Summary judgment is improper merely where the court believes it unlikely that the opposing party will prevail at trial. *National Screen Service Corp. v. Poster Exchange, Inc.,* 305 F.2d 647, 651 (5th Cir.1962).

▐ The party moving for summary judgment bears the responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of fact. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552. However, the movant need not support the motion with materials that negate the opponent's claim. As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to an absence of evidence to support the non-moving party's claim; the non-moving party must then designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. at 2553.

### A. Rule 10b–5

After Plaintiff filed her Complaint and after Defendants moved for Summary Judgment, the United States Supreme Court held in *Lampf, Pleva, Lipkind, Pru-*

*pis & Petigrow v. Gilbertson,* — U.S. ——, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991), that all litigation instituted pursuant to Rule 10b–5 "must be commenced within one year after the discovery of the facts constituting the violation and within three years after such violation." *Lampf,* —— U.S. at ——, 111 S.Ct. at 2782. The alleged misrepresentations of Defendant Jones, and through Jones, Defendant Distributors, occurred no later than January 7, 1987, and Plaintiff's Complaint was filed approximately five months beyond the three-year period which followed the alleged misrepresentations. Accordingly, Plaintiff confesses the Motions for Summary Judgment of Defendants Distributors and Jones as to the Rule 10b–5 claim.

### B. The Mississippi Statutory Securities Claims

#### 1. Causes of Action Under Miss.Code Ann. § 75–71–501 and Miss.Code Ann. § 75–71–717

▐ Miss.Code Ann. § 75–71–501 creates a cause of action for fraud or deceit in connection with securities transactions. (*See Shivangi v. Dean Witter Reynolds, Inc.,* 107 F.R.D. 313, 322 (S.D.Miss.1985)). Miss.Code Ann. § 75–71–501 provides as follows:

> It is unlawful for any person, in connection with the offer, sale or purchase of any security, directly or indirectly,
>
> (1) To employ any device, scheme or artifice to defraud;
>
> (2) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading; or
>
> (3) To engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person.

Miss.Code Ann. § 75–71–501, however, does not set forth a limitations period within which actions must be brought. Defendants Distributors and Jones therefore argue that the similarity between Miss.Code

Ann. § 75–71–501 and Rule 10b–5 means that the reasoning of *Lampf* applies to bar Plaintiff's claim under Miss.Code Ann. § 75–71–501, because the claim was not brought within three years of the date of the alleged violation. Plaintiff concedes that Miss.Code Ann. § 75–71–501 is substantively identical to Rule 10b–5. *Id.*

The Court finds that *Lampf* does not bar Plaintiff's claim under Miss.Code Ann. § 75–71–501. Rather than borrowing from *Lampf* to create a limitations period for Miss.Code Ann. § 75–71–501, the Court finds that the more appropriate limitations period is set forth in Miss.Code Ann. § 75–71–725. Miss.Code Ann. § 75–71–725 provides that

> [n]o action shall be maintained to enforce any liability created under section 75–71–717(2) [sic] unless brought within two (2) years after the discovery of the untrue statement or omission, or after such discovery should have been made by the exercise of reasonable diligence, or, if the action is to enforce a liability created under section 75–71–717(1) [sic] unless brought within two (2) years after the violation upon which it is based.

The similarity between Miss.Code Ann. § 75–71–501 and Rule 10b–5 of the Securities Act of 1934 does not mean that a court can apply a federal judicially-created statute of limitations to a state statute.

■ Having determined that Miss.Code Ann. § 75–71–725 is the most applicable limitations period, the Court finds, for the reasons discussed in Section Two below, that a genuine issue of material fact remains concerning whether the exercise of reasonable diligence would have discovered a violation.

■ Furthermore, the Court finds that Miss.Code Ann. § 75–71–717(a)(2) creates an independent cause of action and need not be construed, as Defendant contends, in conjunction with Miss.Code Ann. § 75–71–501. Miss.Code Ann. § 75–71–717(a)(2) provides in pertinent part that any person who

> offers or sells a security by the use of any written or oral communication which contains any untrue statement of a mate-

rial fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading (the buyer not knowing of the untruth or omission), and who does not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of the untruth or omission, *is liable* to the person buying the security from him, who may sue either at law or in equity to recover the consideration paid for the security.... (Emphasis added).

Under Miss.Code Ann. § 75–71–717(a)(2), a person who misrepresents or fraudulently sells a security is *liable* to the purchaser of the security. Miss.Code Ann. § 75–71–725, moreover, provides a statute of limitations for "liability created under section 75–71–717(2) [sic]." The language of these two statutes clearly demonstrates that a claim may be brought solely pursuant to Miss. Code Ann. § 75–71–717.

### 2. Justifiable Reliance

Defendants Distributors and Jones contend that it was unreasonable for Plaintiff to rely on Jones's oral representations and allegedly ignore the High Income Trust prospectus of Distributors. There is respected authority for their proposition. *See Zobrist v. Coal–X, Inc.,* 708 F.2d 1511, 1518 (10th Cir.1983) (after applying relevant factors in determining justifiable reliance, the Court found that information contained in a prospectus should be imputed to investors alleging 10b–5 violations); *Platsis v. E.F. Hutton & Co.,* 642 F.Supp. 1277, 1299 (W.D.Mich.1986) (unreasonable to rely on oral representations). The Tenth Circuit in *Zobrist* reviewed Rule 10b–5 litigation and listed the following factors courts have used to determine whether a plaintiff "justifiably relied" on a defendant's representations: (1) the sophistication and expertise of the plaintiff in financial and securities matters; (2) the existence of long-standing business or personal relationships; (3) access to the relevant information; (4) the existence of a fiduciary relationship; (5) concealment of the fraud; (6) the opportunity to detect the fraud; (7)

whether the plaintiff initiated the stock transaction or sought to expedite the transaction; (8) the generality or specificity of the misrepresentations. The Fifth Circuit has used most, if not all, of these factors in Rule 10b–5 litigation. *See G.A. Thompson & Company, Inc. v. Partridge*, 636 F.2d 945, 955 (5th Cir.1981).

 Plaintiff urges that Miss.Code Ann. § 75–71–717(a)(2) contains no requirement of reasonable reliance. The Court finds that both Miss.Code Ann. § 75–71–717(a)(2) and Miss.Code Ann. § 75–71–501 contain an implicit requirement of reasonable reliance consistent with federal Rule 10b–5. However, applying the factors listed in *Zobrist* and *G.A. Thompson & Company, Inc.* by analogy to securities claims under Miss.Code Ann. § 75–71–717(a)(2) and Miss.Code Ann. § 75–71–501, the Court finds that there is sufficient evidence to support a finding that Plaintiff justifiably relied on Defendant Jones's representations. In particular, Defendant Jones's admission that he did not know whether the High Income Trust contained so-called "junk bonds" demonstrates that the Prospectus may not have fully and adequately disclosed relevant information, in light of Plaintiff's relative lack of financial sophistication, and demonstrates that Plaintiff may have been justified in relying on Jones' representations. There remains, therefore, a genuine issue of material fact as to whether Plaintiff's claim is barred under the two-year statute of limitations in Miss. Code Ann. § 75–71–725, which provides that actions under Miss.Code Ann. § 75–71–717(a)(2), and by implication, Miss.Code Ann. § 75–71–501, must be brought within two years after the exercise of "reasonable diligence" would have discovered an alleged violation.

*3. Proximate Cause*

 Finally, Defendants Distributors and Jones argue that the alleged misrepresentations did not proximately cause Plaintiff's loss. To recover under Rule 10b–5, a plaintiff must satisfy a two-pronged causation standard: First, the plaintiff must prove "transaction causation" by showing that the defendant's representations caused the plaintiff to make the investment. *Bruschi v. Brown*, 876 F.2d 1526, 1530 (11th Cir.1989). Second, the plaintiff must prove "loss causation" by showing that the representations "touched upon" the reasons for the loss or caused the loss itself in some reasonably direct way. *Huddleston v. Herman & MacLean*, 640 F.2d 534, 549 (5th Cir.1981); *Bruschi* at 1530. Defendants argue that application of the causation standard of Rule 10b–5 to Plaintiff's claim under the Mississippi Securities Act bars Plaintiff's claim because there was no loss causation. Defendants argue that market forces, and not any alleged misrepresentations, caused Plaintiff's loss.

 The Court agrees with Defendants that the causation standard of Rule 10b–5 applies to claims under the Mississippi Securities Act, but finds that there is sufficient evidence to indicate that the alleged misrepresentations may have caused Plaintiff's loss. The *Bruschi* court noted that there is loss causation where a defendant induces a plaintiff to enter into a risky investment, and the plaintiff suffers a loss resulting from the risky nature of the investment itself. *Bruschi* at 1531. *See also Huddleston* at 549. Here, there is evidence that Defendants induced Plaintiff to invest by misrepresenting the risky nature of the High Income Trust, and that Plaintiff suffered a loss because of the Trust's relative volatility. While the Court recognizes that securities laws are not designed to be an "insurance plan" for the cost of securities purchased in reliance upon material misstatements or omissions (*Huddleston* at 549), there is a factual issue in the case before the Court as to whether Defendants caused Plaintiff's loss by misrepresenting the intrinsic worth, and inherent riskiness, of the High Income Trust.

Therefore, Defendants' Motions for Summary Judgment are denied as to Plaintiff's claims pursuant to Miss.Code Ann. § 75–71–717(a)(2) and Miss.Code Ann. § 75–71–501.

### C. Common Law Fraud

#### 1. Justifiable Reliance

Regarding Plaintiff's allegation of fraud, Defendants Distributors and Jones argue that Plaintiff did not justifiably rely on Defendants' oral representations. As discussed above, because of the difficulty that a relatively unsophisticated investor would have in comprehending the nature of an investment about which even a stockbroker is confused, the Court finds that Defendants' argument is without merit.

#### 2. Proximate Cause

Defendants further argue that proximate cause is lacking. Again, because there is evidence that the risky nature of the High Income Trust caused Plaintiff's loss, the Court finds that this argument is similarly without merit, and denies Defendants' Motion for Summary Judgment as to the common law fraud claim.

### D. Breach of Fiduciary Duties

#### 1. Existence of a Fiduciary Relationship

■ Defendants Distributors and Jones contend that no fiduciary relationship existed with Plaintiff. The Court disagrees. The existence of a fiduciary relationship is a question of fact (*See Southern Mortgage Company v. O'Dom*, 699 F.Supp. 1227, 1231 (S.D.Miss.1988), and there is authority to support the proposition that a fiduciary relationship exists between a securities broker and his customer. *Magnum Corp. v. Lehman Bros. Kuhn Loeb, Inc.*, 794 F.2d 198, 200 (5th Cir.1986); *Romano v. Merrill Lynch, Pierce, Fenner & Smith*, 834 F.2d 523, 530 (5th Cir.1987) (dicta). The Court finds that a fiduciary relationship may have existed between Defendant Jones, and through Jones, Defendant Distributors, and Plaintiff.

Defendant Mutual argues that no fiduciary relationship existed between it and Plaintiff because Mutual was not involved with Plaintiff's investment in the High Income Trust. Mutual contends that its involvement with the Plaintiff was limited to the preparation of an Estate Profile that analyzed Plaintiff's insurance needs. How-ever, the Court believes that there is a genuine issue of material fact as to whether the Estate Profile was prepared in connection with Plaintiff's investment in the High Income Trust, and additionally, whether Jones, as the General Agent of Mutual in Mississippi, was acting on behalf of Mutual when he recommended that Plaintiff invest in the High Income Trust.

#### 2. Scope of Fiduciary Duties

Defendants Distributors and Jones contend that, if they owed Plaintiff fiduciary duties, they satisfied their fiduciary duties by disclosing information in the Prospectus in compliance with federal securities laws. This Court held in *Shivangi v. Dean Witter Reynolds, Inc.*, 107 F.R.D. 313, 322 (S.D.Miss.1985), that common law principles of fiduciary duties impose no greater duties with regard to disclosure of information upon sellers of mutual funds than do federal securities laws. In the present case, however, because of the uncertainty concerning the nature of the High Income Trust, there remains a jury question as to whether Defendants Distributors and Jones complied with federal securities laws through the Prospectus. Moreover, as previously discussed, there is evidence to support a finding that the representations proximately caused Plaintiff's loss.

Therefore, the Court denies Defendants' Motions for Summary Judgment as to breach of fiduciary duties.

### E. Breach of Contract

Plaintiff contends in her Complaint that Distributors, through Jones, "breached the terms of its agreement" with Plaintiff to render advice and make investments suitable to Plaintiff's needs. Defendants Distributors and Jones argue that no written contract existed between Defendants and Plaintiff and, alternatively, argue that an action based on an alleged oral contract is barred under Miss.Code Ann. § 15–1–29.

■ A party seeking relief for breach of a written contract must prove the existence of the contract and the right to relief thereunder. *Bunge Corporation v. Biglane*, 418 F.Supp. 1159, 1165 (S.D.Miss.

1976); *Bradley v. Howell,* 161 Miss. 346, 133 So. 660, 661 (1931). Plaintiff offers her application for investment in the High Income Trust as evidence of a written contract with Distributors.

■ The Court finds that the application for investment is too indefinite and incomplete to constitute a written contract. Specifically, the application for investment does not explicitly state the duties or obligations of Distributors and Jones to the Plaintiff, does not state any rate of commission to be earned by Distributors and Jones and does not state Plaintiff's expected rate of return. Moreover, there is no evidence of bargained-for detriment or consideration. The Court simply cannot determine the respective obligations of the parties from the application for investment alone. *Corbin on Contracts,* Section 95 (1963).

Even if the Court were to find that an oral contract existed between the Plaintiff and the Defendants, a claim for breach of such an oral contract would be barred, as the Plaintiff impliedly concedes, under Miss.Code Ann. § 15–1–29. Miss.Code Ann. § 15–1–29 provides in pertinent part that actions

> on any unwritten contract, express or implied, shall be commenced within three (3) years next after the cause of such action accrued, and not after....

Here, Plaintiff's January 7, 1987 investment in the High Income Trust is the latest date on which an alleged oral contract could be deemed to have existed, and Plaintiff filed the action before this Court more than five months after the expiration of the three-year statute of limitations period.

The Court therefore grants the Motions of Defendants Distributors and Jones for Summary Judgment as to Plaintiff's breach of contract claim.

### F. Negligence

Defendants Distributors and Jones urge that they did not breach any duties owed to the Plaintiff, and were therefore not negligent, because they were in compliance with applicable federal securities laws. Defendants essentially reiterate their argument put forth in response to Plaintiff's fraud claim, and contend that there can be no common law duty greater than the duties imposed on a seller of securities by federal statute. The Court rejects such an argument for the reasons articulated earlier, and notes, furthermore, that there are specific written rules in the securities industry that impose duties on brokers who recommend investments in securities. The Fifth Circuit has stated that these rules, such as the "suitability rule," are "excellent tools against which to assess in part the reasonableness or excessiveness of a broker's handling of an investor's account." *Miley v. Oppenheimer & Co., Inc.,* 637 F.2d 318, 333 (5th Cir.1981).

Furthermore, Defendants Distributors and Jones contend that their alleged negligence, if any, did not proximately cause Plaintiff's loss. Again, the Court refers to its earlier discussion regarding loss causation and purportedly supervening market forces, and finds that Defendants' contention is without merit.

■ Defendant Mutual also moves for Summary Judgment in regard to Plaintiff's allegation of negligence. Mutual contends that it was not involved, through the preparation of the Estate Profile or in any other way, in planning or attempting to recommend investment in the High Income Trust, and can therefore not be negligent for any loss suffered from the High Income Trust. The Court believes, however, that there is a genuine issue of material fact as to whether Defendant Jones was acting as an agent of Mutual when Plaintiff invested in the High Income Trust. Additionally, the Court believes that Jones' status as the General Agent of Mutual, when coupled with the temporal linkage between the preparation of the Estate Profile and Plaintiff's investment in the High Income Trust, raises a genuine issue as to the duty Mutual owed Plaintiff, and if such a duty arose, whether Mutual breached that duty.

The alternative contention of Defendant Mutual that its actions did not proximately cause Plaintiff's loss is, for the reasons discussed earlier, without merit.

**1054**

Therefore, the Court denies Defendants' Motions for Summary Judgment regarding Plaintiff's negligence claims.

### G. *Punitive Damages*

Plaintiff asks for punitive damages against all Defendants. Because the case before the Court contains causes of action which, if proven, could include findings of gross negligence or reckless disregard for Plaintiff's rights, the Court denies Defendants' Motions for Summary Judgment as to Plaintiff's claims for punitive damages.

Accordingly, the Summary Judgment Motions of Defendants Distributors and Jones are granted as to Plaintiff's claim under Rule 10b–5 of the Securities Act of 1934 and Plaintiff's claim for breach of contract. The Summary Judgment Motions of Defendants Distributors and Jones are denied as to Plaintiff's claims under the Mississippi Securities Act, and to Plaintiff's claims for common law fraud, breach of fiduciary duties, negligence, and punitive damages.

The Summary Judgment Motions of Defendant Mutual are denied as to Plaintiff's claim for breach of fiduciary duties, negligence, and punitive damages.

SO ORDERED.